UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

MARIANO R.O.,

Petitioner,

v.

WARDEN OF THE GOLDEN STATE ANNEX DETENTION FACILITY, et al.,

Respondents.

No. 1:26-cv-04318-TLN-CSK

A# 201-941-209

**ORDER**

This matter is before the Court on Petitioner Mariano R.O.'s[1] ("Petitioner") Petition for Writ of Habeas Corpus (ECF No. 1) and Motion for Temporary Restraining Order ("TRO") (ECF No. 2). The matters are fully briefed. (ECF Nos. 8, 11, 16.) For the reasons set forth below, the habeas petition is DISMISSED without prejudice (ECF No. 1) and the Motion for TRO is DENIED as moot (ECF No. 2).

///

///

///

[1] The Court omits Petitioner's full name to protect sensitive personal information. *See* Memorandum re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

## I. Factual and Procedural Background

Petitioner is a noncitizen who entered the United States at an unknown date and time. (ECF No. 11-2 at 1–2.) Petitioner has a U.S. citizen daughter. (ECF No. 1 at 6.) Petitioner maintains that he is not a criminal and not a danger to the community. (*Id.*)

The government's documents indicate Petitioner has some criminal history in the United States.[2] (ECF No. 11-3.) Petitioner was also previously apprehended by immigration authorities in 2008 and 2019. (ECF No. 11-2 at 2.) On those occasions, he was granted voluntary return to his country of citizenship and successfully departed. (*Id.*)

In April 2026,[3] Petitioner was arrested by the Wichita Falls Police Department in Texas while riding his bicycle home from a store. (*Id.* at 3; ECF No. 1 at 5.) Petitioner was detained locally and later transferred to the custody of U.S. Immigration and Customs Enforcement. (ECF No. 1 at 5.) He was eventually transferred to Golden State Annex where he remains detained without an individualized determination of whether he poses a danger to the community or a flight risk. (*Id.* at 2.)

Petitioner initiated this habeas action on June 5, 2026, challenging the lawfulness of his civil detention and seeking immediate release. (*Id.* at 16–17.) The Court set a briefing schedule and ordered Respondents not to transfer Petitioner out of this district pending resolution of the habeas petition. (ECF No. 7.) On June 8, 2026, an immigration judge ("IJ") granted Petitioner voluntary departure in lieu of removal and ordered him to depart by July 8, 2026. (ECF No. 11-4 at 3.) The IJ's order stated that if Petitioner failed to depart by that date, Petitioner shall be removed to his country of citizenship. (*Id.*)

///

---

[2] The government's documents contain discrepancies in identifying information. (*See* ECF No. 11-1 (I-213 Form for a different individual); ECF No. 11-3 (RAP sheet containing several different aliases and birthdates).) While the record is sufficient to show Petitioner has some criminal history, the Court is unable to conclude with certainty what Petitioner has been charged or convicted of.

[3] Petitioner states that he was detained on April 30, 2026. (ECF No. 1 at 5.) The government's documents indicate the date was April 8, 2026. (ECF No. 11-2 at 3.) For purposes of the Court's analysis, the difference in dates is immaterial.

## II. Standard of Law

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., art. I, § 9, cl. 2). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). Accordingly, a district court's habeas jurisdiction includes challenges to immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

## III. Analysis

Petitioner claims his detention violates the Fifth Amendment Due Process Clause. (ECF No. 1 at 16–17.) In opposition, Respondents argue Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2) or lawfully detained under § 1226(a).[4] (ECF No. 8 at 2–3.) In a supplemental brief, Respondents also now argue Petitioner is subject to mandatory detention under § 1231(a)(2) and § 1226(c).[5] (ECF No. 11 at 2.) Petitioner filed a response to the supplemental brief conceding that he is subject to a removal order because he did not depart by the voluntary departure date set forth in the IJ's order. (ECF No. 16 at 2.) Petitioner does not object to dismissal of his petition and notes that if his post-final-order detention becomes indefinite, counsel will assist him in preparing a new petition. (*Id.*)

---

[4] Unless otherwise noted, citations to statute herein refer to Title 8 of the United States Code.

[5] Respondents also initially argued the Court lacked jurisdiction over Petitioner's habeas petition pursuant to §§ 1252(g) and 1252(b)(9). (ECF No. 8 at 2.) While it appears Respondents have since abandoned this argument (*see generally* ECF No. 11), the Court nevertheless confirms this case is not a challenge to Petitioner's removal proceedings but to his civil detention, which fits squarely within the Court's jurisdiction. *See Zadvydas*, 533 U.S. at 687.

The Court agrees with Petitioner that he is now subject to a final order of removal because he did not depart by the date set forth in the IJ's order. *See Diouf v. Mukasey*, 542 F.3d 1222, 1229 (9th Cir. 2008) ("Because the IJ issued an alternate order of removal in connection with the grant of voluntary departure, and [petitioner] did not timely appeal to the BIA, [Petitioner's] order of removal became administratively final 'upon overstay of the voluntary departure period.'"). Further, as Petitioner concedes he is within the 90-day mandatory detention period under 8 U.S.C. § 1231(a)(2) and does not oppose dismissal, the Court will DISMISS the habeas petition without prejudice.

## IV. CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED:

1. The Petition for Writ of Habeas Corpus (ECF No. 1) is DISMISSED without prejudice.

2. Petitioner's Motion for TRO (ECF No. 2) is DENIED as moot.

3. The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Date: August 10, 2026

TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE